**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                  Case No. 07-CR-123

**DONIAY KNOX**
        **Defendant.**

### SENTENCING MEMORANDUM

Defendant Doniay Knox pleaded guilty to conspiring to distribute cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846. In sentencing defendant, I first calculated his advisory guideline range, then determined the actual sentence under the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

The parties agreed that defendant should be held responsible for a drug weight of 200-300 grams of cocaine, producing a base offense level of 20 under U.S.S.G. § 2D1.1(c)(10), and that he qualified for a 3 level reduction for acceptance of responsibility under § 3E1.1, producing a final offense level of 17. Coupled with his criminal history category of VI, level 17 produces an imprisonment range of 51-63 months. I found these calculations correct and adopted them accordingly.

### II. SENTENCE

**A.    Section 3553(a) Factors**

In determining the ultimate sentence I consider (1) the nature of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). After considering these factors, I impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2).

I give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but do not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). The guidelines "are but one factor among those listed in 18 U.S.C. § 3553(a)," United States v. Carter, 530 F.3d 565, 578 (7th Cir. 2008), and § 3553(a)(3) requires consideration of all statutorily available sentences, including probation, even if the guidelines suggest prison, see Gall, 128 S. Ct. at 602.

**B.  Analysis**

    **1.  The Offense**

This prosecution arose out of the government's investigation of a large-scale cocaine distribution conspiracy in Milwaukee, Wisconsin. Defendant's role was primarily that of a customer; he bought modest quantities of cocaine, usually $^1/_4$ ounce, from Calvin Coleman, one of the main participants. As noted above, the parties agreed to a total drug weight of 200-300 grams.

2

**2. The Defendant**

At age thirty-eight, defendant had compiled a lengthy record, including convictions for cocaine delivery in 1989, carrying a concealed weapon in 1991, cocaine possession in 1991, delivery of cocaine in 1992, possession of cocaine and marijuana and felon in possession of a firearm in 1994, misdemeanor fleeing in 1994, operating after revocation in 1996, and possession of cocaine in 1998. As his record suggested, defendant had serious and long-standing problems with substance abuse – alcohol, marijuana and cocaine – going back to age nineteen.

However, defendant made great strides in turning his life around during the pendency of this case. He participated in counseling through pre-trial services and, after one early positive, submitted negative drug screens. Given the length and severity of defendant's drug problem, I found his recent performance highly encouraging.

Defendant experienced a rough childhood, with a mother suffering from serious mental health problems and a father not around much, abusive at times. Defendant tried to help his mother live in the community, but at the time of sentencing she was committed to a mental institution due to the severity of her illness. Defendant reported that he had mended his relationship with his father, who had been supportive throughout this case. He was also working on his GED, which I concluded would help his employment prospects. Defendant also completed the employability program offered by the probation office, which would further enhance his opportunities. I received a letter Dr. Lou Daniels, who indicated that for the past year defendant had performed labor on his rental properties and was always professional, attentive and punctual.

3

### 3. Guidelines and Purposes of Sentencing

The guidelines called for a term of 51-63 months, but I found that range greater than necessary under the specific circumstances of this case. First, given the minimal nature of the offense conduct, I found a sentence below the range sufficient to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). Defendant was primarily a user, not a dealer. A period of home confinement sufficed to satisfy this purpose of sentencing, in addition to providing needed structure and close monitoring.[1]

Second, given the recent strides defendant had made towards getting his life together – attending counseling and remaining drug-free, obtaining a valid driver's license, working towards his GED and re-establishing contact with his father – I found a sentence below the range sufficient to protect the public and deter.[2] See 18 U.S.C. § 3553(a)(2)(B) & (C). I also noted that defendant sustained no criminal convictions in the past ten years, which suggested that he was leaving crime behind. Further, defendant had no prior record for violent behavior or victimizing others; his prior convictions stemmed primarily from substance abuse. I concluded that if he could defeat his drug problem, he was unlikely to re-offend. Given his sincere efforts in treatment during the pendency of this case, I found that such needs were best addressed in the community. See 18 U.S.C. § 3553(a)(2)(D).

Finally, I considered defendant's efforts to cooperate with the government, which counsel discussed on the record. The government agreed that these efforts were properly

---

[1] Defendant also served about five months of pre-trial detention prior to making bail in this case.

[2] As I warned defendant at sentencing, violation of the conditions of probation could lead to revocation and imposition of any sentence originally available, see 18 U.S.C. § 3565(a)(2), in this case up to 20 years in prison. This threat provided a significant deterrent.

4

considered under § 3553(a) and warranted a non-guideline sentence.  See United States v. Arceo, 535 F.3d 679, 688 (7th Cir. 2008) (stating that the district court may rely on cooperation as a basis for going below the guidelines); United States v. Fernandez, 443 F.3d 19, 33 (2d Cir. 2006) (stating that a district may consider "non-5K" cooperation under § 3553(a)).

This probationary sentence varied significantly from the guidelines.  However, because it was supported by the specific, mitigated nature of the offense conduct; defendant's sincere efforts at post-offense rehabilitation; and his cooperation with the government, it created no unwarranted disparity.  See 18 U.S.C. § 3553(a)(6).

### III.  CONCLUSION

Therefore, I placed defendant on probation for a period of five years.  I selected the maximum term to ensure that he was monitored and addressed his treatment needs.  As conditions, I ordered him to serve 180 days of home confinement and participate in a program of drug testing and treatment.  Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5